**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HAMDAN FAYAD,

Plaintiff,

v.

FRANCIS D. SICILIANO, Officer-in-Charge, U.S. Citizenship and Immigration Services, San Jose Sub-Office, et al.,

Defendants.

Case No.: 10-CV-03372-LHK

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND ALLOWING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT

(re: docket #7)

On July 30, 2010, Plaintiff Hamdan Fayad filed a "Complaint for Relief under the Administrative Procedure Act" seeking review of a United States Citizenship and Immigration Services ("USCIS") decision denying his application for naturalization. On September 10, 2010, Plaintiff filed a motion for summary judgment. Defendants filed an Opposition on November 2, 2010, arguing that Plaintiff failed to plead proper jurisdiction and, in any event, that Plaintiff has not satisfied the three-year residency requirement for naturalization. Plaintiff did not file a Reply, which would have been due November 9, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and vacates the hearing scheduled for November 23, 2010. Having reviewed Plaintiff's Complaint and the parties' briefing, the Court agrees with Defendants that Plaintiff has failed to plead proper jurisdiction.

Accordingly, Plaintiff's motion for summary judgment is DENIED WITHOUT PREJUDICE, and Plaintiff is given leave to amend his Complaint.

In brief, on June 10, 2010, USCIS denied Plaintiff's application for naturalization on the ground that Plaintiff lacked the continuous three years residence required in order to be eligible for naturalization because Plaintiff's status as a "lawful permanent resident" (LPR) was only effective as of July 9, 2008. *See* USCIS Decision of June 10, 2010 Denying Naturalization Application [dkt. #8]. Plaintiff's Complaint asserts that this USCIS Decision is "arbitrary, capricious, unsupported by substantial evidence, and otherwise not in accordance with the law" because Plaintiff had continuous LPR status for more than three years. Compl. ¶ 25.[1] Plaintiff's Complaint alleges that jurisdiction to review the USCIS Decision is conferred by "28 U.S.C. § 2201 and 2202" (Declaratory Judgment Act) and by "5 U.S.C. § 702" (judicial review of agency action under the Administrative Procedure Act (APA)). *Id.* at ¶ 1.

These jurisdictional allegations are defective. Neither the Declaratory Judgment Act nor the APA provides an independent basis for this Court's subject matter jurisdiction. The Declaratory Judgment Act creates a remedy in which a district court "may declare the rights and other legal relations of any interested party seeking such declaration," but the Act itself is not a basis for subject matter jurisdiction. *See* 28 U.S.C. § 2201 *et seq*.; *see also Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161-62 (9th Cir. 2005) ("the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction."). The APA provides standards for judicial review of agency action once jurisdiction is independently established. *See Gallo Cattle Co. v. United States Dep't of Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998) ("it is well settled that the APA does not independently confer jurisdiction on the district courts . . . Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established."). Without a proper basis for subject matter jurisdiction, the Court is required to dismiss the action and certainly will not grant summary judgment in Plaintiff's favor. *See* Fed. R. Civ. P. 12(h)(3).

[1] As Plaintiff's Complaint is jurisdictionally defective, the Court will not discuss the merits of Plaintiff's Complaint and summary judgment motion at this stage.

As Defendants acknowledge, however, there is a specific jurisdictional basis for district courts to review naturalization applications denied by USCIS. Under 8 U.S.C. § 1421 (Naturalization Authority),

> (c) Judicial review. A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court or the district in which such person resides in accordance with chapter 7 of title 5, United States Code. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.
>
> (d) Sole procedure. A person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed in this title and not otherwise.

Thus, the proper jurisdictional avenue for a person denied naturalization is to seek review under § 1421(c)-(d), which even allows the denied applicant the opportunity to request a de novo hearing on the naturalization application in the district court. Here, however, Plaintiff fails to allege jurisdiction under 8 U.S.C. § 1421.

In cases in which federal subject matter jurisdiction has been improperly pled, courts may grant leave to amend defective jurisdictional allegations. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). The Court finds that leave to amend is appropriate here. *See Liberatore*, 408 F.3d at 1162 ("it is preferable that a district court require formal amendment of a defective complaint.").

Accordingly, Plaintiff's motion for summary judgment is DENIED WITHOUT PREJUDICE. Plaintiff is granted leave to amend his Complaint to remedy the jurisdictional deficiencies noted above. Any amended complaint must be filed within thirty (30) days of this Order. Failure to timely file an amended complaint, without good cause shown, may result in dismissal with prejudice.

**IT IS SO ORDERED.**

United States District Court
For the Northern District of California

Dated: November 12, 2010

LUCY H. KOH
United States District Judge